1

2

3

4

5

6

7

8  IN THE UNITED STATES DISTRICT COURT

9  FOR THE EASTERN DISTRICT OF CALIFORNIA

10  SHAKA SENEGAL MUHAMMAD,

11  Plaintiff,  No. 2:09-cv-0582 KJN P

12  vs.

13  D. K. SISTO, et al.,

14  Defendants.  ORDER

15  _____/

16  Plaintiff is a state prisoner proceeding without counsel in this civil rights action

17  filed pursuant to 42 U.S.C. § 1983.  This action was referred to this court by Local Rule 302

18  pursuant to 28 U.S.C. § 636(b)(1), and reassigned to the undersigned magistrate judge on

19  February 9, 2010.

20  Plaintiff requests leave to proceed in forma pauperis pursuant to 28 U.S.C.

21  § 1915, and has submitted two declarations that make the showing required by 28 U.S.C.

22  § 1915(a).  (Dkt. Nos. 5, 6.)  Therefore, plaintiff's request to proceed in forma pauperis will be

23  granted.

24  Plaintiff is nonetheless required to pay the statutory filing fee of $350.00 for this

25  action.  28 U.S.C. § 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial

26  filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1).  By separate order, the

1

1   court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's

2   prison trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be

3   obligated to make monthly payments of twenty percent of the preceding month's income credited

4   to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency

5   to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the

6   filing fee is paid in full.  28 U.S.C. §1915(b)(2).

7      The court is required to screen complaints brought by prisoners seeking relief

8   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

9   §1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

10  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

11  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

12  U.S.C. §1915A(b)(1),(2).

13     A district court must construe a pro se pleading "liberally" to determine if it states

14  a claim and, prior to dismissing a complaint, identify the deficiencies therein and accord plaintiff

15  an opportunity to cure them.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

16  While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a

17  cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129

18  S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

19  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that

20  is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).  Although legal conclusions

21  can provide the framework of a complaint, they must be supported by factual allegations, and are

22  not entitled to the assumption of truth.  Id. at 1950.

23     A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

24  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

25  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

26  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

1  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

2  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

3  Cir. 1989); Franklin, 745 F.2d at 1227.

4  　　　　Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

5  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

6  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly,

7  550 U.S. at 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a

8  complaint under this standard, the court must accept as true the allegations of the complaint in

9  question,  id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v.

10  Rhodes, 416 U.S. 232, 236 (1974).

11  　　　　The complaint names five defendants, all employees or former employees at

12  California State Prison-Solano ("CSP-Solano"):  Warden D.K. Sisto, Lieutenant R. Hayward,

13  Appeals Coordinator T. Moore, Instructor W. Donahue and staff member M. Jossel.  The

14  complaint is premised on plaintiff's assertion that he was unfairly charged and found guilty of

15  Rules Violation Report ("RVR"), filed February 26, 2008, alleging that plaintiff had failed to

16  report to his assigned work/training position.  Plaintiff contends that Lieutenant Hayward, who

17  presided over the hearing on the RVR, "unlawfully found plaintiff guilty in violation of CCR

18  ["California Code of Regulations"][Title 15, Cal. Admin. Code, §] 3320(2)(b),"[1] and "deprived

19  plaintiff his rights to call witnesses of reporting employee and investigative employee."  (Dkt.

20  No. 1, at 3.)  Plaintiff alleges that Appeals Coordinator Moore, who interviewed plaintiff

21  pursuant to the Second Level Review of plaintiff's administrative grievance challenging the

22  guilty finding, "was bias[ed] and refuse[d] to comply with DOM [Department Operations

23

24

25  　　　　[1]  This regulation (§ 3320), which sets forth hearing procedures and time limitations,

26  appears to be inapposite; moreover, there is no "§ 3320(2)(b)."

3

1   Manual ] § 54100.18.2[2] and correct the due process violations that occurred."  (Id.)  Plaintiff

2   alleges that Donahue "falsified documents" and that Jossel "signed for instructor W. Donahue."

3   (Id. at 4.)  Attached documents indicate that plaintiff contends Jossel also falsified documents.

4   (Id. at 25.)  Warden Sisto's alleged role is unclear, although he signed the Second Level Review

5   of plaintiff's grievance denying plaintiff's request for dismissed of the RVR.  (Id. at 9-11.)

6         Plaintiff argued at the disciplinary hearing that he is serving a life sentence, unable

7   to earn good time credits through a work-incentive program, and thus that the rules relative to the

8   program should not apply to him.  (See, e.g., Dkt. No. 1, at 14.)  Nonetheless, plaintiff was found

9   guilty based on a finding that did not have a valid excuse or authorization to be absent from his

10  work assignment, and had committed similar violations in the recent past.  (Id.)  His punishment

11  included loss of yard privileges, but apparently no reduction in time.  (Id.)

12        To the extent that plaintiff is asserting the failure of prison officials to abide by

13  their own rules in the processing of his RVR, he fails to state a cognizable federal due process

14  claim.  Violations of state prison regulations do not rise to the level of a constitutional violation

15  cognizable under Section 1983.  Sandin v. Conner, 515 U.S. 472, 482 (1995) (finding no

16  constitutionally protected liberty interest in prison regulations even when phrased in mandatory

17  terms); Bostic v. Carlson, 884 F.2d 1267, 1270 (9th Cir. 1989) (prison's failure to follow its own

18  guidelines regarding hearings does not alone constitute denial of due process); Ybarra v. Bastian,

19  647 F.2d 891, 892 (9th Cir. 1981) (violations of prison rules or procedures alone do not state

20  federal constitutional claims).

21        However, plaintiff may be able to state a cognizable claim based on the alleged

22  failure of prison officials to adhere to federal due process requirements.  Because this case does

23  not appear to be precluded under Edwards v. Balisok, 520 U.S. 641, 646 (1997) (civil rights

24  challenge to disciplinary hearing barred if judgment in prisoner's favor would invalidate time-

25

26     [2]  DOM § 54100.18.2 sets forth remedies for the violation of due process provisions that govern disciplinary proceedings, e.g., new hearing, dismissal of charge, vacating of disposition.

1   credit loss), it may support a claim under <u>Wolff v. McDonnell,</u> 418 U.S. 539, 563-67 (1974).

2   Federal due process requires that a prisoner receive: (1) advance written notice of at least 24

3   hours of a disciplinary charge; (2) an opportunity, when consistent with institutional safety and

4   correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a

5   written statement by the factfinder of the evidence relied on and the reasons for the disciplinary

6   action. <u>Id</u>. at 563-67; <u>Superintendent. v. Hill</u>, 472 U.S. 445, 454 (1984). Application of these

7   standards to a disciplinary hearing that never posed a risk of time-credit loss would need to be

8   addressed.

9         It is not, however, clear that plaintiff seeks to make this argument. Rather, he

10   summarily cites three sources of legal rights, without development of any claim thereon. None of

11   these sources supports a cause of action under the alleged facts.

12         Plaintiff first cites United States Code, Title 42, Section 1985(3), presumably in

13   support of an unarticulated conspiracy claim. To state a cause of action under Section 1985(3), a

14   plaintiff must allege: (1) a conspiracy, (2) to deprive any person or class of persons of the equal

15   protection of the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and

16   (4) a personal injury, property damage or deprivation of any right or privilege of a citizen of the

17   United States. <u>Gillispie v. Civiletti</u>, 629 F.2d 637, 641 (9th Cir. 1980); <u>Griffin v. Breckenridge</u>,

18   403 U.S. 88, 102-03 (1971). Section 1985 applies only where there is racial or other class-based

19   discriminatory animus behind the conspirators' actions. <u>Sever v. Alaska Pulp Corp.</u>, 978 F.2d

20   1529, 1536 (9th Cir. 1992). Additionally, a claim under Section 1985 must allege specific facts

21   to support the allegation that defendants conspired together; a mere allegation of conspiracy

22   without factual specificity is insufficient to state a claim. <u>Karim-Panahi v. Los Angeles Police</u>

23   <u>Dept.</u>, 839 F.2d 621, 626 (9th Cir. 1988); <u>Sanchez v. City of Santa Ana</u>, 936 F.2d 1027, 1039

24   (9th Cir. 1991). Plaintiff alleges neither a conspiracy nor discrimination. Thus, plaintiff fails to

25   state a cognizable claim under Section 1985(3).

26         Plaintiff's further citations are to international treaties—neither source supports a

claims for damages under Section 1983.  The "Universal Declaration of Human Rights" "does not of its own force impose obligations as a matter of international law," but consists of "a statement of principles . . . setting up a common standard of achievement for all peoples and all nations." Sosa v. Alvarez-Machain, 542 U.S. 692, 734 (2004) (citation and internal punctuation omitted).  The "Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment" is similarly unavailing, as it is limited to "the policy of the United States not to expel, extradite, or otherwise effect the involuntary return of any person to a country in which there are substantial grounds for believing the person would be in danger of being subjected to torture." Negusie v. Holder, 129 S. Ct. 1159, 1177 (2009) (citation and internal quotation marks omitted).  Plaintiff may rely on neither of these treaties to state a cognizable civil rights claim pursuant to Section 1983.

The court therefore finds the allegations in plaintiff's complaint so vague that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The complaint does not contain a short and plain statement as required by Federal Rule of Civil Procedure 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of claims plainly and succinctly. Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984).  The complaint must allege with some degree of particularity the overt acts which defendants allegedly engaged in that directly support plaintiff's claim. Id.; see also, Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) ( "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."). Because plaintiff has failed to comply with these requirements, the complaint must be dismissed.

The court will, however, grant plaintiff leave to file an amended complaint.  If plaintiff chooses to amend the complaint, he must specifically demonstrate how the conditions about which he complains resulted in a deprivation of his federal constitutional rights. Rizzo v.

1   <u>Goode</u>, 423 U.S. 362, 371 (1976).  The complaint must also allege in specific terms how each

2   named defendant is involved.  <u>Id</u>.  There can be no liability under Section 1983 unless there is

3   some affirmative link or connection between a defendant's actions and the claimed federal

4   constitutional deprivation.  <u>Id</u>.; <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v.</u>

5   <u>Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978); <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir.

6   1982).  Plaintiff is further informed that Local Rule 220 requires that an amended complaint be

7   complete in itself without reference to any prior pleading.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57

8   (9th Cir. 1967) (amended complaint supersedes original complaint).

9       In accordance with the above, IT IS HEREBY ORDERED that:

10     1.  Plaintiff's request for leave to proceed in forma pauperis (Dkt. Nos. 5, 6) is

11   granted.

12     2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

13   Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

14   § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

15   Director of the California Department of Corrections and Rehabilitation filed concurrently

16   herewith.

17     3.  Plaintiff's complaint (Dkt. No. 1) is dismissed.

18     4.  Should plaintiff file an Amended Complaint, he shall do so within thirty (30)

19   days after service of this order, and shall complete and submit the attached Notice of Amendment

20   along with his Amended Complaint.  The Amended Complaint shall be labeled "Amended

21   Complaint," bear the docket number assigned to this case, and comply with the requirements of

22   this order, the Federal Rules of Civil Procedure, and the Local Rules.

23   ////

24   ////

25   ////

26   ////

1        5.  Failure of plaintiff to timely file an Amended Complaint in accordance with

2   this order shall result in a recommendation that this action be dismissed.

3        SO ORDERED.

4   DATED:  October 22, 2010

5

6

7                                              _____

8                                              KENDALL J. NEWMAN
                                               UNITED STATES MAGISTRATE JUDGE

9   muha0582.scrn

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10    SHAKA SENEGAL MUHAMMAD,

11              Plaintiff,                    No. 2:09-cv-0582 KJN P

12        vs.

13    D. K. SISTO, et al.,                    NOTICE OF AMENDMENT

14              Defendants.

15    _____/

16              Plaintiff hereby submits the following document in compliance with the court's

17    order filed _____:

18

19              _____        Amended Complaint

20

21

22

23    _____        _____
      Date                            Plaintiff

24

25

26

                                       9