IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAKA SENEGAL MUHAMMAD,

      Plaintiff,                     No.  2:09-cv-0582 KJN P

   vs.

D. K. SISTO, et al.,

      Defendants.           <u>ORDER</u>

/

        Plaintiff is a state prisoner proceeding without counsel in this civil rights action filed pursuant to 42 U.S.C. § 1983.  On April 25, 2011, defendants filed and served a motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  (Dkt. No. 18.)  Plaintiff has not opposed the motion.  Pursuant to this court's Local Rules, plaintiff was required to file and serve a written opposition or statement of non-opposition to defendants' motion within twenty-one days after it was filed, or by May 16, 2011.  <u>See</u> E.D. Cal. L.R. ("Local Rule") 230(l).

        The court further notes that defendants subsequently filed, on June 2, 2011, a motion to have plaintiff declared a vexatious litigant.  (Dkt. No. 20.)  The filing deadline for

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

plaintiff's opposition or statement of opposition thereto is June 23, 2011.

Local Rule 230(l) provides that: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ." Pursuant to the court's order filed January 25, 2011order, plaintiff was advised of the requirements for filing an opposition to a motion and informed that failure to oppose such motion may be deemed a waiver of opposition thereto.

Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." In the order filed January 25, 2011order, plaintiff was also advised that failure to comply with the Local Rules may result in a recommendation that this action be dismissed.

Finally, Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **Involuntary Dismissal; Effect**.  If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

Good cause appearing, IT IS HEREBY ORDERED that, within fourteen days after the filing date of this order, plaintiff shall file an opposition, if any, to defendants' motion to dismiss (Dkt. No. 18).  Failure to file such opposition will be deemed as plaintiff's consent to have the:  (a) pending motion granted; (b) action dismissed for lack of prosecution; and (c) action dismissed based on plaintiff's failure to comply with these rules and a court order.  Such failure shall result in a recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).  In addition, plaintiff is hereby informed that the same principles will be applied

////

////

plaintiff's opposition or statement of opposition thereto is June 23, 2011.

Local Rule 230(l) provides that: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ." Pursuant to the court's order filed January 25, 2011order, plaintiff was advised of the requirements for filing an opposition to a motion and informed that failure to oppose such motion may be deemed a waiver of opposition thereto.

Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." In the order filed January 25, 2011order, plaintiff was also advised that failure to comply with the Local Rules may result in a recommendation that this action be dismissed.

Finally, Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **Involuntary Dismissal; Effect**.  If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

Good cause appearing, IT IS HEREBY ORDERED that, within fourteen days after the filing date of this order, plaintiff shall file an opposition, if any, to defendants' motion to dismiss (Dkt. No. 18).  Failure to file such opposition will be deemed as plaintiff's consent to have the:  (a) pending motion granted; (b) action dismissed for lack of prosecution; and (c) action dismissed based on plaintiff's failure to comply with these rules and a court order.  Such failure shall result in a recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).  In addition, plaintiff is hereby informed that the same principles will be applied

////

////

1  to plaintiff's failure to timely respond to defendants' motion to have plaintiff declared a
2  vexatious litigant (Dkt. No. 20), without further warning by this court.
3       SO ORDERED.
4  DATED: June 7, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

muha0582.noopp.kjn