IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAKA SENEGAL MUHAMMAD,

    Plaintiff,                  No. 2:09-cv-0582 KJN P

   vs.

D. K. SISTO, et al.,              ORDER and

    Defendants.          FINDINGS AND RECOMMENDATIONS[1]

_____/

        Presently pending before the court in this prisoner civil rights action are defendants' motions to dismiss and to declare plaintiff a vexatious litigant, and plaintiff's motions to withdraw his complaint and to close this action. Plaintiff states that he is about to be released from prison, anticipates being paroled outside of California, and no longer wishes to pursue this litigation. Plaintiff filed his motions after the court issued an order, on June 8, 2011, directing plaintiff to file an opposition to defendants' motions. On June 16, 2011, the court issued the following order directing defendants' response:

        Once defendants have appeared in an action, the action may be

---

[1] Although plaintiff has consented to the jurisdiction of the magistrate judge for all purposes (Dkt. No. 3), defendants have not. Accordingly, this action is referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Local General Order No. 262, and E.D. Cal. L.R. ("Local Rule") 302(c).

1

> dismissed at plaintiff's request only by court order. Fed. R. Civ. P. 41(a)(2). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001) (citing Waller v. Fin. Corp. of Am., 828 F.2d 579, 583 (9th Cir. 1987) (fn. omitted).
>
> Defendants shall file, within seven days, a statement whether they would be prejudiced by dismissal of this action, and by the dismissal of defendants' pending motions as moot; any averment of prejudice must be specific to defendants herein and to this litigation.

(Dkt. No. 25 at 1-2.)

In their reply to the court's order, defendants ask the court to first rule on their motion to revoke plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g), and to declare plaintiff a vexatious litigant. Section 1915(g) authorizes a court to find that an incarcerated plaintiff has filed, on three or more prior occasions, actions that were dismissed as frivolous, malicious or for failure to a state a claim, and to thereby preclude the plaintiff from pursuing another action in forma pauperis absent a showing that he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). A finding that a party is a vexatious litigant authorizes the court to order the party "to give a security, bond, or undertaking" pending final judgment in the action. See E.D. Cal. L.R. ("Local Rule") 151 (b); Cal. Code Civ. Proc. §§ 391(b), 391.1.

Defendants assert that plaintiff has filed 35 lawsuits in federal court since 1994, at least 10 of which have been dismissed for failure to state a claim; that plaintiff has three other active federal lawsuits currently pending against the California Department of Corrections and Rehabilitation ("CDCR"), none of which he has sought to voluntarily dismiss; and that it appears plaintiff seeks to withdraw the instant action merely "to evade incurring yet another strike" pursuant to Section 1915(g). (Dkt. No. 27 at 1.)

Other than defendants' general averment that the instant action, like plaintiff's other pending cases, challenges actions by CDCR, defendants have not satisfied the court's

directive that "any averment of prejudice must be specific to defendants herein and to this litigation." (Dkt. No. 25 at 2.)  Moreover, the instant defendants—four staff members at California State Prison-Solano—are represented by private counsel, pursuant to agreement with CDCR; counsel does not represent the California Department of Corrections and Rehabilitation.

Absent a showing of prejudice to defendants in this action, the court will recommend that plaintiff's request to voluntarily dismiss this case be granted, without ruling on defendants' motions.  It is unreasonable to revoke plaintiff's in forma pauperis status before dismissing this action, or to require that plaintiff furnish a bond in this case that will not reach final judgment.  While CDCR may wish to seek preclusive sanctions against plaintiff, it should do so in an action in which plaintiff remains an active participant.

The dismissal of this action should, however, be with prejudice, reflecting plaintiff's statement that he no longer intends to pursue this litigation, and to accord adequate closure to defendants herein.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court is directed randomly to assign a district judge to this action.

Further, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to withdraw his complaint (Dkt. No. 23), and motion to close this action (Dkt. No. 24), be granted;

2. Defendants' motion to dismiss this action (Dkt. No. 18), and motion to have plaintiff declared a vexatious litigant (Dkt. No. 20), be denied as moot; and

3. This action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 21 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within 14 days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 17, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

muha0582.41(a)